FF

JAN 2 3

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

**In the United States District Court**
**for the Eastern District of Virginia**
**Alexandria Division**

**COMPLAINT**

Catherine Gierbolini

101 6th ave

Huntington Station, NY 11746

631-747-3225

Plaintiff

     vs.

Case No: 1:13-cv-103 (LMB/IDD)
(RE: Docket # 1:12-cv-1459)

Board of Directors
Science Application International Corporation,
(John P.Thumper; K.Stuart Shea; Mark.W.Sopp; Thomas G. Baybrook;
Joseph W.Craver III; Anthony J. Moraco; Deborah Lee. James; Amy E.
Alving; Laura Kennedy; James E.Cuff;Brian F.Keenan; Vincent A.
Maffeo)

1710 SAIC Drive
McLean, VA 22102

703-676-4300

Defendant

The plaintiff Catherine Gierbolini request that the United States District Court for the Eastern

District of Virginia hear the case of Gierbolini vs. Board of Directors Science Application

International Corporation (from here on out referred to as SAIC)  as this action is brought

pursuant to violations of the 14th Amendment of the United States Constitution, 29 U.S.C. §

206(d), 42 U.S.C. § 703, and  Public Law 107-174.

Section 1:

41  The Plaintiff alleges that while employed by the Defendant's Corporation (SAIC), the

42  Corporation and its Board of Directors violated the due process clause of the 14th Amendment by

43  defaming the Plaintiff upon her discharge, and by foreclosing on the possibility of future

44  employment by defaming her at her discharge. Upon discharging the Plaintiff, the Defendants

45  not only seriously damaged the Plaintiff's standing and association in the community but also

46  imposed upon her a stigma that forecloses on her freedom to take advantage of other

47  employment opportunities. The following facts and circumstances clearly demonstrate SAIC's

48  14th Amendment due process violation.

49

50  On October 22, 2010, the Plaintiff was suspended without reason about a month after notifying

51  her supervisor that an employee was falsifying her timesheet, as a result, the Plaintiff refused to

52  sign the employee's timesheet and began the process for internal counseling to report the payroll

53  fraud. The Plaintiff's direct supervisor, Mr. Mattes would not allow the Plaintiff to report the

54  payroll fraud. In fact, Mr. Mattes began to file a disciplinary action against the Plaintiff as

55  retaliation for her ethical actions. Three days later, on October 25, 2010, the Plaintiff was

56  terminated for "convenience", no other reason was given. Rather the Plaintiff received a 30 day

57  termination notice effective immediately. After the Plaintiff's discharge from SAIC she has been

58  unable to obtain employment due to the actions and inaction of the Defendants. The Plaintiff has

59  applied to hundreds of position; however, each time a potential employer verifies her

60  employment with SAIC they are informed that Ms. Gierbolini was discharged for fighting or

61  SAIC will not verify that Ms. Gierbolini worked for their Corporation. SAIC's failure to verify

62  the Plaintiff's employment is serious because any accusation of fighting without elaboration is

63  not only seriously damaging to the Plaintiff's standing and association in the community but also

64  imposes upon her a stigma that forecloses on her freedom to take advantage of other employment

65   opportunities.  In addition, failure to verify the Plaintiff's employment results in an inference that

66   the Plaintiff has lied on her employment application.  As a result, it is clear that the Defendants

67   have violated the due process clause of the 14th Amendment.

68   Section 2:

69   The Plaintiff alleges that while employed by the defendant's corporation (SAIC), the corporation

70   violated the Equal Pay Act, 29 U.S.C. § 206(d), when it paid female employees (including the

71   Plaintiff) dramatically less for substantially equal work completed by male employees.  In 2008,

72   the Plaintiff was receiving a base salary of $75,000; however, male employees who were

73   completing substantially equal work were receiving an unequal base pay anywhere between

74   $90,000 and $95,000.  As a result the Plaintiff is seeking a loss in pay of $400,000 for a four year

75   period.

76

77   Section 3:

78   The Plaintiff alleges that SAIC violated Title VII Civil Rights Act § 703, 42 U.S.C. § 703, of the

79   United States Code when the corporation forced the Plaintiff to take a position in Kuwait which

80   resulted in a substantial pay cut.  The Plaintiff seeks damage in the amount of $1,000,000 based

81   on $250,000 per year annual salary with currently 4 years in question.

82

83   Section 4:

84   The Plaintiff will prove that the Defendant did not act in accordance with U.S. Federal guidelines

85   of the No Fear Act and the Whistleblower Act of 1989.  In September 2010 the Plaintiff learned

86   that an employee was falsifying her timesheet, as a result, the Plaintiff refused to sign the

87   timesheet and began the process for internal counseling to report the payroll fraud.  The

88   Plaintiff's direct supervisor, Mr. Mattes would not allow the Plaintiff to report the payroll fraud.

89   In fact, Mr. Mattes began to file a disciplinary action against the Plaintiff as retaliation for her

90   ethical actions.  As a result, The Plaintiff is seeking $3,000,000 in compensation.

91

92   Section 5:

93   The Plaintiff will show proof of additional Title VII Civil Rights Act § 703 violations that were

94   allegedly committed by the Defendant under § 1, 2, and 3. The Plaintiff was acknowledged by

95   SAIC on September 30, 2009 as a Hispanic employee during Hispanic Heritage Month; as a

96   result, the Plaintiff then began to feel harassed by her supervisor for statements made about her

97   Hispanic heritage.  The Plaintiff is seeking $250,000.00 for each year from the time the alleged

98   infractions were committed, for a total of $1,250,000.00.

99

100  Section 6:

101  The Plaintiff will provide proof of additional Title VII Civil Rights Act § 703 and Americans

102  with Disability Act violations committed by the Defendant Corporation in addition to

103  termination of medical insurance while the Plaintiff was under a physician's care and scheduling

104  a known medical procedure.   From August 2010 to October 2010 the Plaintiff was diagnosed

105  with ovarian cysts while in Kuwait.  The Plaintiff's supervisor, Mr. Mattes recommend his

106  wife's doctor and understood the severity of the Plaintiff's condition.  However, on October 25,

107  2010 Mr. Mattes informed the Plaintiff that she was suspended and gave her 30 days notice. The

108  Plaintiff was given no explanation as to why she was being fired; however, the Plaintiff knew it

109  was a result of his new found knowledge that she was Hispanic and needed to file the payroll

110  fraud report.  The Plaintiff was not given the opportunity to be cleared by a physician for an

111  international flight; rather she was forced to leave Kuwait within 3 days.  During the flight from

112  Kuwait the Plaintiff's ovarian cysts exploded.  As a result, compensation being sought is one

year's pay at $250,000.00 for each year since the violation occurred, which is now a total of $562,500.00.  In addition to three years of medical, dental and vision care at 100% coverage for the Plaintiff and her sons, including co-payments and deductibles.

Section 7:

The Plaintiff alleges that the Defendant suspended her upon her filing of an Equal Employment Opportunity Complaint which demonstrates that the Defendant violated retaliation laws under United States Federal Employment laws. In this section the Plaintiff is requesting $1,000,000.00 for two years forward and two years back at the rate of pay she was paid and an additional $36,000.00 for lost bonuses and $250,000.00 worth of investments.

Section 8:

In Section 7 the Plaintiff will show that the Defendant wrongfully terminated her employment because of the alleged prior violations instead of acting accordingly.  The Plaintiff will refer to the NYC V.SAIC case to demonstrate reoccurring business practice of ignoring such complaints. In this section the Plaintiff is requesting compensation for pain and suffering in the amount of one year's pay at $250,000.00 for each year from time of employment until now including $250,000.00 worth of investments, bringing the total for section 7 to $1,500,000.00.

Section 9:

In Section 8 the Plaintiff will provide proof that the Defendant allowed colleagues to slander her during her employment with the corporation, as well as, after her employment.  In addition, the Defendant placed the Plaintiff in "False Light" during the employment verification processes

136   with potential employers. The amount that the Plaintiff is seeking compensation for in this

137   section is $5,000,000.00.

138

139   The Plaintiff is also requesting that the Court grant pain and suffering compensation in the form

140   of general damages to repair and restore economic losses that the Plaintiff was forced to endure

141   because of the Defendant's negligence and decision to not correct any of the alleged infractions

142   as of now. The pain and suffering damages would be granted in the form of a replacement

143   vehicle of her choice to replace the three lost during the negotiations and litigation process in

144   addition to providing her with an attorney to handle all financial obligations that the Plaintiff

145   could not meet in 2011-2012 due to the inability to obtain gainful employment as seen in Section

146   8, which has now potentially put the Plaintiff's Department of Defense "Secret" Security

147   Clearance in jeopardy as well as other prospective employment opportunities. The totals for the

148   General Damages should not exceed $1,000,000.00.

149

150   In closing the Plaintiff requests that the Court evaluate the above information and recognize that

151   the Board of Directors has a responsibility for ensuring that selected representatives uphold the

152   policies and procedures set forth by then in the Corporate Ethic Policy and Code of Conduct

153   instead of committing acts of corporate bullying.

154

155

156   Catherine Gierbolini

157   101 6th ave

158   Huntington Station, NY 11746

159   631-747-3225